## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**GEORGE EDWARD ADAMS III**                      **PLAINTIFF**
**ADC #154094**

**v.**                **No: 2:21-cv-00152-KGB-PSH**

**ROOSEVELT BARDEN,** *et al.*             **DEFENDANTS**

## ORDER

Several motions filed by plaintiff George Edward Adams III are before the Court.

Adams has filed two motions to amend his complaint (Doc. Nos. 32 & 34). His first motion includes a section titled complaint; however, it is not clear whether Adams intends this to be his entire amended complaint. *See* Doc. No. 32. His claims and the defendants described appear to be the same as in his original complaint (Doc. No. 1), but he makes a more specific prayer for relief in the amount of $1,000,000 in damages. Adams' second motion seeks to correct the spelling of defendant Barden[1] and clarify that he seeks $1,000,000 in damages. *See* Doc. No. 34. Adams' motions to amend are denied without prejudice. Adams may not amend his

---

[1] It is not necessary for Adams to correct the spelling of a defendant's name. The Court has updated the docket to reflect the defendants' names as provided in their Answers.

complaint in a piecemeal fashion.  If he wishes to amend the relief portion of his complaint, he may do so by filing a proposed amended statement of relief (as opposed to an entirely new amended complaint) setting forth the relief he seeks.[2]  If he wishes to change his claims or the defendants, he must move to amend his complaint and attach a ***complete*** copy of his proposed amended complaint.  Adams should note that an amended complaint renders his original complaint without legal effect.

Adams has also filed a motion to proceed with discovery (Doc. No. 35). Because discovery is not currently stayed, Adams need not file a motion to conduct discovery and his motion is denied as moot.  However, the Court routinely stays discovery that is not related to the exhaustion of administrative remedies until any motions related to exhaustion have been filed and decided.[3]  Defendants Tracy Bennett and Martha Hall (the "Medical Defendants") have filed a motion for

---

[2] The Court normally requires plaintiffs to file an amended complaint in its entirety.  The Court will make an exception in this case if Adams only seeks to amend his statement of relief and not his allegations or causes of action.

[3] The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Because exhaustion of administrative remedies is mandatory, it serves judicial economy to stay discovery that is not related to exhaustion until any motions regarding exhaustion are decided.

summary judgment on the issue of exhaustion (Doc. Nos. 17-19). Adams has filed his response (Doc. No. 27). That motion is ripe for consideration, and the Court will enter a recommendation as to the motion in due course. Until that motion is decided, discovery that is not related to the issue of exhaustion is stayed until further order **with respect to the Medical Defendants**. Defendants Roosevelt Barden and Morieon Kelly (the "ADC Defendants") have not filed a motion for summary judgment on the issue of exhaustion, and the time to do so has passed. Accordingly, **discovery is not stayed as to the ADC Defendants**, and Adams may proceed to conduct discovery. However, the Court will not set a final discovery deadline until the pending motion for summary judgment is decided. Adams should note that discovery requests and responses are not to be filed with the Court - but, instead, should be sent directly to opposing counsel, along with a certificate of service. *See* Fed. R. Civ. P. 5(d). In contrast, motions to compel and/or for sanctions, pursuant to Fed. R. Civ. P. 37, and any necessary attachments will be accepted for filing.

Finally, Adams has filed a motion to depose the ADC Defendants (Doc. No. 36). That motion is denied as moot. Adams does not need leave of Court to depose the ADC Defendants. *See* Fed. R. Civ. P. 30(a). However, if he chooses to depose the defendants, he must bear the expense of any depositions. The Federal Rules of Civil Procedure require that the party seeking to depose a witness bears the recording costs. Fed. R. Civ. P. 30(b)(3). The *in forma pauperis* statute does not provide for

the payment of costs associated with a plaintiff taking depositions.  *See* 28 U.S.C. §

1915(f); *Lewis v. Precision Optics, Inc*., 612 F.2d 1074 (8th Cir. 1980).

      IT IS SO ORDERED this 6th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE