IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GEORGE EDWARD ADAMS III**  **PLAINTIFF**
**ADC #154094**

v.                           No: 2:21-cv-00152-PSH

**ROOSEVELT BARDEN,** *et al.*                      **DEFENDANTS**

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff George Edward Adams III filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 12, 2021, while incarcerated at the Arkansas Division of Correction's East Arkansas Regional Unit (Doc. No. 1). Adams claims that defendants Roosevelt Barden and Morieon Kelley (the "ADC Defendants") used excessive force against him on August 11, 2021, and that defendants Martha Hall and Tracy Bennett (the "Medical Defendants") were deliberately indifferent to his serious medical needs after the incident with Barden and Kelly. Doc. No. 1 at 5-8

Before the Court is a motion for summary judgment, brief-in-support, and statement of facts filed by the Medical Defendants (Doc. Nos. 17-19), and responsive pleadings filed by Adams (Doc. Nos. 27-28). The Medical Defendants move for summary judgment on Adams' claims based on his failure to exhaust

available administrative remedies before he filed this lawsuit. The Medical Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and the Medical Defendants' motion for summary judgment should be, and hereby is, granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

other materials . . .". FED. R. CIV. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Medical Defendants argue that Adams failed to exhaust available administrative remedies with respect to his claims against them because he did not complete all steps of the grievance procedure before he filed this lawsuit. In support of their motion, the Medical Defendants submitted the ADC's grievance policy, Administrative Directive 19-34 (Doc. No. 18-1); copies of grievances EAM21-01836 and EAM21-01949 (Doc. No. 18-2); and the declaration of Shelly Byers, the ADC's Assistant Medical Services Administrator (Doc. No. 18-3).

### A.     *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 18-1 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 1-2, 7. Inmates are to "specifically name each individual involved" so that the ADC may complete a proper

investigation and response. *Id*. at 5. The policy provides that only one grievance form

> can be submitted per grievance and only one problem/issue should be stated in the grievance, not multiple problems/issues. An inmate must use a separate form for each issue. Only one issue will be addressed. Additional problems/issues contained in the grievance will not be considered as exhausted.

*Id*. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 7.

A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. at 7-8. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id*. at 8. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id*. at 10. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director for Health and Correctional Programs. *Id*. at 12-13. Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id*. at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id*. at 14. The grievance policy specifically states that

inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

### B. Adams' Relevant Grievances

In her declaration, Assistant Medical Services Administrator Byers stated that between August 11, 2021 (the first date at issue in Adams' complaint) and November 12, 2021 (the date Adams filed this lawsuit), Adams submitted two medical grievances: EAM21-01836 and EAM21-01949. Doc. No. 18-3 at 1.

In grievance EAM21-01836, Adams grieved his complaint allegation that Hall did not treat his injuries after the incident with Barden and Kelly on August 11, 2021. Doc. No. 18-2 at 1-5. He also grieved that he had not seen a provider for his injuries. *Id.* Adams proceeded to Step Two and appealed the Step Two response. *Id.* at 2 & 5. He received an appeal response addressing his complaints on November 18, 2021. *Id.* at 1.

In grievance EAM21-01949, Adams grieved that he had been assaulted by two guards on August 11, 2021, and that Bennett did not treat his shoulder pain and injuries when she examined him on September 22, 2021. Doc. No. 18-2 at 9. He proceeded to Step Two and appealed the Step Two response. *Id.* at 7 & 9. Adams received an appeal response addressing his complaints on November 24, 2021. *Id.* at 6.

C.      *Exhaustion as to the Medical Defendants*

Although Adams grieved his complaint allegations against Hall and Bennett, his grievances did not serve to exhaust his claims against them in this lawsuit because his complaint was filed before the exhaustion process had been completed. The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed. *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003). *See also Tyler v. Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016). And to satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). *See also King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure). According to the ADC's grievance policy, the grievance process is not complete until the Deputy Director responds to an appeal or the appeal is rejected. Doc. No. 18-1 at 13.

Adams contends that he filed his lawsuit before he received an appeal response to EAM21-01836 because the appeal response was late.[1] *See* Doc. No. 27

---

[1] Adams makes other arguments regarding the timeliness of his grievances and the naming of defendants. *See* Doc. No. 27. Neither issue is in dispute – the Medical

at 3. He argues he should have received the response within 30 days of filing his appeal pursuant to the ADC's grievance procedure. *Id.* However, the grievance procedure provides that the appeal is to be rejected or acknowledged within five working days, and that a response is to be made within 30 working days. *See* Doc. No. 18-1 at 13. "Working days" are defined as "Monday through Friday, excluding state observed holidays." *Id.* at 2. Adams signed his appeal of EAM21-01836 on September 30, 2021, and it was marked as received on October 6, 2021. Doc. No. 18-2 at 1-2. The Deputy Director's decision on appeal was executed on November 18, 2021. *Id.* Excluding Saturdays, Sundays, and Veterans Day (November 11),[2] the response was made 30 working days after Adams' appeal was received. Accordingly, the response was timely, and this lawsuit was prematurely filed before Adams completed the procedure with respect to EAM21-0183. Therefore, EAM21-01836 does not serve to exhaust Adams' claims against defendant Martha Hall in this action and his claim against her is dismissed without prejudice.

Adams does not appear to contest the Medical Defendants' motion with respect to defendant Bennett.[3] *See* Doc. No. 26 at 2 (stating that Adams does not

---

Defendants argue that Adams' claims are not exhausted because he filed the lawsuit before he received responses to his appeals.

[2] Veterans Day is observed by the Arkansas state government. *See* https://www.sos.arkansas.gov/uploads/Holidays_2021.pdf.

contest the Medical Defendants' statement of fact number 11 regarding EAM21-01949).  It is therefore undisputed that the Deputy Director's appeal decision regarding this grievance was issued on November 24, 2021, 12 days after Adams filed this lawsuit.  For this reason, EAM21-01949 does not serve to exhaust Adams' claims against Bennett in this action and his claim against her is dismissed without prejudice.

## IV.  Conclusion

The Medical Defendants' motion for summary judgment (Doc. No. 17) is granted.  Adams' claims against defendants Martha Hall and Tracy Bennett are dismissed without prejudice due to Adams' failure to exhaust available administrative remedies before he filed this lawsuit.

DATED this 17th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that since filing his response to the Medical Defendants' motion for summary judgment, Adams has attempted to file an amended complaint naming Bennett.  *See* Doc. No. 41-1 at 4 & 7.